UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIANE BALLARD,

               Plaintiff,

    v.                                                                            **ORDER**
                                                                              08-CV-141S

HSBC BANK USA, N.A.,

               Defendant.

        1.        Plaintiff Diane Ballard commenced this action on February 19, 2008, and seeks a declaration that she is a "prevailing party" entitled to recover attorneys fees of $253,263.75 and costs of $8,696.76 under 42 U.S.C. § 2000e(5)(k) ("Title VII"), incurred in the prosecution of race discrimination and retaliation claim before the New York State Division of Human Rights.

        2.        On April 14, 2008, Defendant filed a pre-answer motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that the Court lacks subject matter over the Complaint, and Plaintiff is not a prevailing party as a matter of law. (Docket No. 4.)

        3.        Plaintiff opposes Defendant's motion, and requests that if the Court views her Complaint as insufficient to invoke subject matter jurisdiction, she be provided the opportunity to amend. (Docket No. 8 at 15.) Defendant argues that amendment would be futile, and the request should be denied. (Docket No. 10 at 10-11.) Plaintiff repeats her request for leave to amend in her sur-reply. (Docket No. 17.[1])

---

[1] Plaintiff moved for permission to file a sur-reply (Docket No. 11), and this Court granted her request (Docket No. 15).

4. This Court is not in the habit of rendering advisory opinions on the sufficiency of pleadings and declines to do so here.

5. That being said, I note that Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." A motion to dismiss is not a "responsive pleading" within the meaning of Rule 15(a). <u>Barbara v. New York Stock Exch.</u>, 99 F.3d 49, 56 (2d Cir. 1996). Thus, Plaintiff is entitled to file an amended complaint without leave of Court prior to Defendant's filing an answer. At this point, the decision to amend or not is in Plaintiff's hands. The Court directs that, if Plaintiff wishes to amend her Complaint, she file an amended pleading within 30 days after the date of this Order.

5. Defendant's argument that amendment would be futile is misplaced since amendment does not require leave of the Court at this juncture. <u>Gaming Marketing Solutions, Inc. v. Cross</u>, 528 F. Supp. 2d 403, 406 (S.D.N.Y. 2007) ("Rule 15(a) of the Federal Rules of Civil Procedure gives plaintiffs an unequivocal right to file one amended complaint without leave of court before defendant's filing of a responsive pleading").

6. Until Plaintiff makes her intentions clear, Defendant's Motion to Dismiss is denied, without prejudice. Defendant may renew its motion or file a new motion within 30 days after expiration of the deadline for amendment.

7. While the Court has reviewed all of the submissions on Defendant's motion, this Order does not reflect an opinion on the sufficiency of the Complaint or the merits of the parties' respective arguments. Rather, it is in the best interests of judicial efficiency and finality that the parties set forth all claims and defenses they believe are applicable
.

IT HEREBY IS ORDERED that, if Plaintiff wishes to file an amended complaint, the amended pleading shall be filed within 30 days after the date of this Order;

FURTHER, that Defendant's Motion to Dismiss (Docket No. 4) is DENIED without prejudice to renew within 30 days after the deadline for filing an amended complaint.

SO ORDERED.

Dated: September 30, 2009
      Buffalo, New York

                                            /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                        United States District Judge